1

2

3

4                         UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7     MARCI PATERA,                              Case No.  14-cv-04533-JSC

              Plaintiff,
8
                                                 **ORDER GRANTING MOTION TO**
9         v.                                     **DISMISS FIRST AMENDED**
                                                 **COMPLAINT**
10    CITIBANK, N.A., et al.,
                                                 Re: Dkt. No. 42
              Defendants.
11

12

13        Plaintiff Marci Patera brings this action against Defendants Citibank, N.A., and

14    CitiMortgage, Inc. (together, "Defendants") seeking to prevent foreclosure of her home.  The

15    Court previously granted Defendants' motion to dismiss for failure to state a claim upon which

16    relief can be granted and for failure to join a necessary and indispensable party.  (Dkt. No. 27.)

17    Plaintiff thereafter filed her First Amended Complaint ("FAC") and Defendants have renewed

18    their motion to dismiss.  (Dkt. Nos. 38 & 42.)   Because Plaintiff has again failed to join Roy

19    Bartlett, who as the co-borrower and co-owner of the subject party is a necessary and

20    indispensable party, Defendants' motion to dismiss under Federal Rule of Civil Procedure

21    12(b)(7) is GRANTED.

22                              **PROCEDURAL BACKGROUND**

23        Plaintiff, through counsel, filed the underlying action in October 2014 alleging 13 state law

24    claims against Defendants Citibank, N.A. and CitiMortgage including (1) deceit: promise made

25    without intent to perform; (2) deceit: intentional misrepresentation; (3) fraud and deceit:

26    suppression of material facts; (4) fraud and deceit: negligent misrepresentation; (5) negligence; (6)

27    violations of California Business and Professions Code § 17200; (7) promissory estoppel; (8)

28    breach of contract; (9) breach of contract: October 2012 Modification Agreement; (10) slander of

United States District Court
Northern District of California

United States District Court
Northern District of California

1    title; (11) cancellation of instruments; (12) violation of the Rosenthal Fair Debt Collection

2    Practices Act; and (13) breach of the covenant of good faith and fair dealing.  (Dkt. No. 1.)  On

3    February 5, 2015, the Court granted Defendants' motion dismiss for failure to join a necessary and

4    indispensable party and failure to state a claim.   (Dkt. No. 27.)

5         Plaintiff's counsel thereafter moved to withdraw, which the Court granted.  (Dkt. No. 35.)

6    Plaintiff, proceeding pro se, filed her First Amended Complaint shortly thereafter.  (Dkt. No. 38.)

7    The FAC is 94 pages long and realleges nearly all the same causes of action as the initial

8    complaint with three new causes of action.  Plaintiff's new  claims are: for violation of

9    California's Homeowners Bill of Rights Sections 2923.6 and 2923.7, violation of the Equal Credit

10   Opportunity Act ("ECOA"), and violation of the Real Estate Settlement Procedures Act

11   ("RESPA").  Defendants thereafter filed the now pending motion to dismiss, a motion to strike the

12   new causes of action under ECOA and RESPA, and a request for judicial notice.  (Dkt. Nos. 42,

13   44 & 45.)  Plaintiff thereafter filed a 46-page opposition to the motion to dismiss.

14                                    **LEGAL STANDARD**

15        Pursuant to Federal Rule of Civil Procedure 12(b)(7), a party may move to dismiss a case

16   for "failure to join a party under Rule 19."  Rule 19 imposes a three-step inquiry: (1) whether the

17   absent party is necessary (i.e., required to be joined if feasible) under Rule 19(a); (2) if so, whether

18   it is feasible to order that absent party to be joined; and (3) if joinder is not feasible, whether the

19   case can proceed without the absent party, or whether the absent party is indispensable such that

20   the action must be dismissed.  *Salt River Project Agric. Improvement & Power Dist. v. Lee*, 672

21   F.3d 1176, 1179 (9th Cir. 2012).  The burden is on the moving party to produce evidence in

22   support of the motion.  *Id.*; *see also Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th

23   Cir.1990).

24                                       **DISCUSSION**

25        The Court's prior dismissal order concluded that Bartlett, as the co-borrower and co-owner

26   of the subject property, was a required party under Federal Rule of Civil Procedure 19 and ordered

27   Plaintiff to join him as a party in any amended complaint.  (Dkt. No. 27.)  A party is required if "in

28   that person's absence, the court cannot accord complete relief among existing parties;" or "that

person claims an interest relating to the subject of the action" such that it would "impair or impede the person's ability to protect the interest;" or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."  Fed. R. Civ. P. 19(a); *see also EEOC v. Peabody Western Coal Co*., 400 F.3d 774, 779 (9th Cir. 2005). Here, the Deeds of Trust reveal that Plaintiff and Bartlett are both listed as co-borrowers.  "[I]n an action to set aside a lease or contract, all parties who may be affected by the determination are indispensable."  *Lomayaktewa v. Hathaway*, 520 F.2d 1324, 1325 (9th Cir. 1975).  Further, Defendants would be at risk of multiple and potentially inconsistent obligations without Bartlett's participation.  *See, e.g., Trinh v. Citibank, NA*, No.12-CV-03902, 2012 WL 6574860, at *2 (N.D. Cal. Dec. 17, 2012) (concluding that joinder of plaintiff's husband, the co-borrower, was required because the husband's "absence from this action would necessarily impair his ability to protect his interest" where plaintiff sought a "declaration that the title to the Subject Property is vested in Plaintiff alone"); *Edwards v. Fed. Home Loan Mortgage Corp*., No. C 12-04868, 2012 WL 5503532, at *3 (N.D. Cal. Nov. 13, 2012) (holding that the plaintiff's husband, a co-borrower on the underlying loan, was a necessary and indispensable party because "Plaintiff's interest in the Property and her claims asserted regarding the foreclosure are coterminous with [her husband's] interest and claims.  If [her husband] is not joined as a party, Defendants have a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of Plaintiff's and [her husband's] mutual interests relating to the Property.")  The Court thus determined that Bartlett was a required party under Rule 19.

In her FAC, Plaintiff does not allege any facts that would justify departing from the Court's previous conclusion.  Instead, Plaintiff contends that Bartlett has his own proceeding in state court and because neither he nor Citibank (who is represented by the same counsel as here) have sought to join her in that proceeding it is clear that "Defendants have determined that (a) the Court can afford complete relief in Patera's absence without impairing Patera's ability to protect her interest and (b) non-joinder of Patera would not subject Defendants to incurring multiple inconsistent obligations."  (FAC at ¶ 131.)  In response, Defendants contend that at an April 22, 2015 Case Management Conference in the Superior Court action "counsel represented to the Court

United States District Court
Northern District of California

that Bartlett was seeking new counsel and intends on filing an amended complaint and joining Patera, whom he deemed a necessary party to the Bartlett action." (Dkt. No. 55 at 6:28-7:3.)

Neither party's allegations change the Court's prior conclusion that Bartlett is a required party under Rule 19. Regardless of what happens in state court, Bartlett—a co-borrower and co-owner of the loan and property at issue in this lawsuit—is a necessary party to this action. Defendants' motion to dismiss is therefore granted.

### CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is GRANTED without prejudice under Federal Rule of Civil Procedure 12(b)(7) for failure to join a necessary and indispensable party. The Court will not, again, grant Plaintiff leave to amend as at oral argument she did not represent that Bartlett would join this lawsuit; instead, it appears that Plaintiff and Bartlett are in a dispute. It is a dispute they will have to resolve if they wish to pursue claims against Defendants arising from their jointly-obtained loan and jointly-owned house.

This Order disposes of Docket Nos. 42, 45, 48.

The Clerk is ordered to close the file.

**IT IS SO ORDERED.**

Dated: May 26, 2015

_Jacqueline Scott Corley_
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

4